IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RON MOSLEY,                              No. C-09-1749 TEH (PR)

        Petitioner,

   v.

R. K. WONG, Warden,                      ORDER TO SHOW CAUSE

        Respondent.
_____/

Petitioner, a state prisoner incarcerated at San Quentin State Prison, has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. section 2254 challenging the California Board of Parole Hearings' ("BPH") refusal to grant him parole at his sixth parole hearing held on September 14, 2007.  Doc. #1.

I

In 1985, Petitioner pleaded guilty in Alameda County Superior Court to second degree murder and was sentenced to an indeterminate term of 15 years to life in state prison.  Doc. #1-1 at 3, 10.  Petitioner's minimum parole eligibility date was

September 30, 1994. Doc. #1-2 at 4.

Petitioner filed a pro se Petition for Writ of Habeas Corpus in Alameda County Superior Court challenging BPH's decision to deny him parole, which the court denied on May 13, 2008. Doc. #1-4 at 69-77. The California Supreme Court denied a Petition for Review on August 27, 2008. Id. at 79.

II

This Court may entertain a Petition for a Writ of Habeas Corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief due to BPH's failure to grant him parole at his September 14, 2007 parole hearing on the ground that the denial violates due process. Among other things, Petitioner claims that the decision is not supported by some evidence in the record.

Liberally construed, Petitioner's claim appears colorable under section 2254 and merits an Answer from Respondent. See <u>Sass v. Cal. Bd. of Prison Terms</u>, 461 F.3d 1123, 1127-29 (9th Cir. 2006) (finding that refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in

2

release on parole which cannot be denied without adequate procedural due process protections).

### III

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within 60 days of the issuance of this order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a Writ of Habeas Corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within 30 days of his receipt of the Answer.

3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of

3

Non-Opposition within 30 days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within 15 days of receipt of any Opposition.

4.   Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED   07/09/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.09\Mosley-09-1749-osc-parole.wpd

**4**